IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE THIBODEAUX, individually and on behalf of others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:16-cv-8177<br>)<br>) |
| v. | )<br>) |
| SCR MEDICAL TRANSPORTATION, | )<br>) |
| Defendant. | ) JURY DEMANDED |

## CLASS ACTION COMPLAINT

### Introduction

Plaintiff Jacqueline Thibodeaux ("Thibodeaux"), on behalf of herself and all other persons similarly situated, complains against Defendant SCR Medical Transportation ("SCR") alleging claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), the Chicago Minimum Wage Ordinance ("CMWO"), Chi. Ord. 1-24-010, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4. Plaintiff brings her claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### Parties

1. Plaintiff Jacqueline Thibodeaux is a Cook County resident who worked for SCR from April 2015 until March 2016 as a medical transportation aide.

2. Defendant SCR is an Illinois corporation headquartered in Chicago, Illinois. SCR contracts to provide medical transportation services to various commercial customers. SCR is an employer as that term is defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(d), and the Chicago Minimum Wage Ordinance, Chi. Ord. 1-24-010.

3. During relevant times, Defendant constituted an "enterprise" as that term is defined in the FLSA because it performed related activities (either through unified operation or common control) for a common business purpose – namely, operating a transportation company which collects more than one-million dollars annually in revenue.

## Jurisdiction and Venue

4. Venue is proper in this district because, at all relevant times, Defendant employed Plaintiff in Cook County and this judicial district.

5. The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## Facts

6. Plaintiff Jacqueline Thibodeaux was employed as a medical transportation aide at SCR Transportation from April 2015 until March 2016. She worked as an aide under SCR's contract with Chicago Public Schools.

7. SCR provides medical transportation services for Chicago Public Schools. SCR vehicles transport disabled students to and from school. Each vehicle has one driver and at least one aide. Medical transportation aides are responsible for monitoring the students and providing medical care when necessary.

8. When Thibodeaux began working at SCR in April 2015, she was paid $8.50 per hour. During this time, Thibodeaux's "hours worked" included time during which she prepped the transportation vehicles, filled out paperwork, sat in traffic on the way to pick up students, assisted students into the vehicle, aided students on the way to school, assisted students out of the vehicle, and cleaned the vehicle at the end of her workday.

9. SCR was aware that on July 1, 2015, the Chicago minimum wage would be set at $10 per hour. On June 25, 2015, SCR distributed a notice to its aides indicating that it intended to raise their hourly rates to $10 per hour as required by law. *See* Exhibit 1 (June 25 Notice).

10. By July 16, 2015, after only about two weeks of paying its employees $10 per hour, SCR decided to drastically restructure its compensation scheme. On July 21, 2016, SCR distributed a second notice stating that aides would no longer be paid per hour. Instead, they would be paid per route. *See* Exhibit 2 (July 21 Notice)

11. For routes with a single school, SCR paid its aides $20 per route. For routes with multiple schools (called "paired/shared routes"), SCR paid its aides $30 per route. SCR indicated in its notice that this change was effected to "improve efficiency and allow SCR to remain competitive in its market."

12. During a meeting with management to discuss this notice, aides expressed concern that this new pay scheme would result in their hourly rate falling below the Chicago minimum wage. Morning and afternoon routes last several hours—oftentimes as long as five hours. If each route was paid at just $20-$30 per day, then the aides' hourly rate would be well below the $10 per hour minimum.

13. Despite the aides' complaints, SCR moved forward with its new compensation scheme. SCR's compensation change was finally implemented on July 20, 2015. After this date, Thibodeaux, along with the other aides, showed up to work around 6 a.m. They prepared the transportation vehicles, filled out paperwork, departed on their routes, sat through traffic, picked up students, sat through traffic again, dropped the children off at school, cleaned their vehicles, and turned in paperwork. The shift ended around 10 a.m. For these four hours of work, Thibodeaux and the other aides were paid $20-$30.

14.     A similar process was repeated at the end of the school day. Afternoon shifts tended to take longer, lasting from about 1 p.m. until about 6 p.m. For five hours of work, aides were paid just $20-$30.

15.     In short, starting July 20, 2015, Thibodeaux and the other aides were paid anywhere between $4 and $7 an hour.

16.     Starting in July 2015, Thibodeaux and the other aides repeatedly complained to their managers: Barry Bland, Erica Mosley, Michelle Lucas, and Yvonne Williams. The managers dismissively said they would not change over to a $10 hourly rate.

17.     Between July 1, 2015 and the present date, SCR has employed around 150 aides, keeping a steady staff number of around 50-60 aides at any given time.

18.     Thibodeaux left her job at SCR in April 2016. The compensation scheme change led to a dramatic change in the amount of money she earned per pay period and, after some time, she was forced to leave to find a job that paid a livable wage.

## Class and Collective Action Allegations

19.     Plaintiff brings her Chicago Minimum Wage Ordinance and Illinois Minimum Wage Law claims (Counts I and II) on behalf of herself and all other individuals who worked for SCR as transportation aides and who worked on a Chicago Public School route at any time since July 20, 2015 ("the IMWL and Ordinance Class").

20.     The Class defined above satisfies the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure.

21.     The Class is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court. Defendant employs about 50-60 transportation aides at any time, and employee

turnover since July 20, 2015 means that the class is even larger than that number. Plaintiff estimates that SCR has employed around 150 transportation aides since July 20, 2015.

22. Common questions of law and fact predominate over individual issues affecting only individual class members. Among others, the common questions of law and fact include:

   a. Whether Defendant failed to pay its transportation aides the applicable minimum wage since July 20, 2015.

   b. Whether Defendant's transportation aides work within the City of Chicago.

   c. Whether Defendant maintains a business facility within the City of Chicago.

   d. Whether Defendant is required to obtain a business license to operate in the City of Chicago.

23. Plaintiff will fairly and adequately protect the interests of all class members. Plaintiff is a member of the class, and her claims are typical of the claims of all class members. Plaintiff's interest in obtaining monetary relief for Defendant's violations of the class members' rights is consistent with and not antagonistic to those of any person within the class. Plaintiff has retained counsel competent in complex and class action litigation.

24. Plaintiff brings the claims set forth in Count III, alleging violations of the FLSA minimum wage provisions, as an opt-in representative or collective action on behalf of herself and an "FLSA Minimum Wage Class," consisting of herself and all other individuals who worked for SCR as transportation aides and who worked on a Chicago Public School route at any time since July 20, 2015.

### Count I – Violation of the Chicago Minimum Wage Ordinance

25. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

26. This count is brought against Defendant on behalf of:

All individuals who worked for SCR as a medical transportation aide and who worked on a Chicago Public School route at any time since July 20, 2015.

27. Defendant paid class members far less than $10 per hour, in violation of the

Chicago Minimum Wage Ordinance, Chi. Ord. 1-24-010.

## **PRAYER FOR RELIEF**

Plaintiff asks the Court to enter judgment against Defendant and issue an order:

a. Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Appointing Plaintiff as the representative of the IMWL and Ordinance Class;

c. Appointing the undersigned counsel as class counsel;

d. Declaring that the actions complained of herein violate the Ordinance;

e. Awarding Plaintiff and putative class members unpaid wages due as provided by the Ordinance;

f. Awarding Plaintiff and putative class members pre-judgment interest on the back wages;

g. Awarding penalties in the amount of triple damages as provided for in the Ordinance;

h. Awarding reasonable attorneys' fees and costs of this action;

i. Awarding such other relief as this Court deems just and proper.

## **Count II – Violation of the Illinois Minimum Wage Law**

28. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

29. This count is brought against Defendant on behalf of:

All individuals who worked for SCR as a medical transportation aide and who worked on a Chicago Public School route at any time since July 20, 2015.

30. Defendant refused to pay Plaintiff and the other class members $8.25 per hour as required by the IMWL, 820 ILCS 105/4.

## **PRAYER FOR RELIEF**

Plaintiff asks the Court to enter judgment against Defendant and issue an order:

a. Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Appointing Plaintiff as the representative of the IMWL and Ordinance Class;

c. Appointing the undersigned counsel as class counsel;

d. Declaring that the actions complained of herein violate 820 ILCS 105/4;

e. Awarding Plaintiff and putative class members unpaid wages due as provided by the IMWL;

f. Awarding pre-judgment interest on the back wages in accordance with 815 ILCS 205/2;

g. Awarding penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, pursuant to 820 ILCS 105/12(a);

h. Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

i. Awarding such other relief as this Court deems just and proper.

### **Count III – Fair Labor Standards Act – Minimum Wage Claim**

31. Plaintiff incorporates all prior allegations as if fully stated herein.

32. Defendant did not pay Plaintiff or other class members wages equivalent to $7.25 per hour for all hours worked in a workweek.

33. Defendant's FLSA violations were willful.

## **PRAYER FOR RELIEF**

Plaintiff asks the Court to enter judgment against Defendant and issue an order:

a. Certifying this case as a collective action pursuant to 29 U.S.C. § 216(b);

  b.  Entering judgment in the amount of all unpaid minimum wages due and owing to Plaintiff and putative class members as well as all applicable liquidated damages;

  c.  Declaring that Defendant's conduct violated the FLSA;

  d.  Awarding Plaintiff and putative class members their reasonable attorneys' fees and costs of this action;

  e.  Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

  f.  Awarding such other and further relief as this Court deems appropriate and just.

           Respectfully submitted,

           /s/ Christopher J. Wilmes
           One of the Attorneys for the Plaintiffs

Matthew J. Piers
Christopher J. Wilmes
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
Three First National Plaza
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100

Paul Strauss
CHICAGO LAWYERS' COMMITTEE
FOR CIVIL RIGHTS UNDER LAW, INC.
100 N. LaSalle, Suite 600
Chicago, IL 60602
(312) 630-9744